| | |
|---|---|
| PHILLIP D. PRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SHERIFF LARRY M. PIERCE, in his ) | |
| official capacity, SERGEANT MATT ) | |
| MILLER and DEPUTIES TRAVIS ) | |
| SPARKS, AARON CANTWELL, and ) | |
| CHUCK ARNOLD, in their individual and ) | |
| official capacities, and WESTERN ) | |
| SURETY COMPANY, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A hearing was held on the matter before the undersigned on May 28, 2015, at Raleigh, North Carolina. For the reasons discussed below, this action is stayed for 120 days from the date of entry of this order.

## BACKGROUND

Plaintiff filed this action on November 9, 2014, alleging claims under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights as well as several state law causes of action. Plaintiff's complaint arises out of actions taken by four Wayne County Sheriff's Deputies on December 3, 2011. Plaintiff alleges that after arriving at his home in Mount Olive, North Carolina and pulling his car into his driveway, an unmarked vehicle pulled in behind him.

A man who did not identify himself as law enforcement exited the unmarked vehicle and instructed plaintiff to get back in his car; plaintiff did not comply and continued to walk toward his house. Plaintiff was then tasered without warning in the back by the man who had instructed him to return to his vehicle and fell to the ground incapacitated. Plaintiff alleges that the deputy defendants tased him between twenty-five and thirty times while plaintiff was handcuffed and lay on the ground. Plaintiff further contends that the deputies kicked and choked him while he was handcuffed on the ground.

Plaintiff was later transported to Wayne Memorial Hospital by emergency vehicle where he was admitted and treated for, *inter alia*, taser burns, puncture wounds, and a broken wrist. Upon discharge from the hospital on December 6, 2011, plaintiff was arrested and charged with multiple counts of resisting, delay or obstructing a law enforcement officer, assault on a government official, malicious conduct by a prisoner, and possession of drug paraphernalia and marijuana.

Plaintiff alleges that defendants' search and seizure of him on December 3, 2011, was unlawful and that defendants used excessive force. Plaintiff's complaint contains further allegations relating to a pattern or practice by the Wayne County Sheriff's Office of violating citizens' Fourth and Fourteenth Amendment rights related to asset forfeiture and the Aggressive Criminal Enforcement Team (ACET). Plaintiff alleges that members of the ACET were incentivized to "manufacture" stops wherein there was no lawful basis for a seizure in order to increase monies received by the Sheriff's Office through an asset forfeiture Equitable Sharing Agreement with the federal government.

## DISCUSSION

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008) (discussing *Heck*'s favorable termination rule and noting that its holding "precludes a prisoner from a collateral attack that may result in two inconsistent results"). However, as of the date of the hearing before the undersigned, plaintiff's state criminal charges arising out of the December 3, 2011, incident remain pending and no trial date has been set. Thus, there is no conviction which would trigger *Heck*'s favorable termination rule, and stay of these proceedings is appropriate under *Wallace v. Kato*, 549 U.S. 384 (2007). *Id.* at 393 (if § 1983 claims are filed which are related to anticipated rulings in an upcoming criminal trial "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *see also Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007)("In no uncertain terms . . . the Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context."); *Jackson v. Baltimore City Police Dept.*, 564 Fed. Appx. 31 (4th Cir. 2014)(unpublished)("the favorable termination rule announced in *Heck* did not bar [plaintiff's] action while criminal proceedings in the state court remained pending."). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 393-94 (citation omitted).

## CONCLUSION

For these reasons, this matter is hereby STAYED for 120 days from the date of entry of this order. Plaintiff is DIRECTED to notify the Court at either the close of the stay or the termination of his state criminal proceedings, whichever is earlier. Defendants' motion to dismiss the amended complaint [DE 19] is DENIED WITHOUT PREJUDICE with permission to refile if appropriate at the lifting of the stay. Defendants' motion to dismiss plaintiff's original complaint [DE 15] is DENIED as MOOT.

If during the stay of this matter the relevant state criminal case is not resolved, plaintiff is hereby given leave to seek habeas corpus relief to either relieve him of the pending charges or mandate that the state criminal process be completed and the charges be resolved.

SO ORDERED, this 5 day of June, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE