| | |
|---|---|
| PHILLIP D. PRIDE,<br>                Plaintiff,<br>v.<br>SHERIFF LARRY M. PIERCE, in his official capacity, SERGEANT MATT MILLER and DEPUTIES TRAVIS SPARKS, AARON CANTWELL, and CHUCK ARNOLD, in their individual capacities, and WESTERN SURETY COMPANY,<br>                Defendants. | ORDER |

This matter comes before the Court on defendants' Third Joint Motion to Dismiss [DE 27] and plaintiff's Motion for Leave to File Second Amended Complaint [DE 29].

## BACKGROUND

On November 9, 2014, plaintiff Phillip D. Pride filed a complaint arising from an encounter with law enforcement officers from the Wayne County Sheriff's Office on December 3, 2011. Plaintiff claims that, on that date, he arrived at home, parked in his driveway, and got out of his car when a man, who did not identify himself as law enforcement, told plaintiff to get back in the car. Plaintiff informed the man it was his home and proceeded to walk toward the house. At that point, plaintiff claims, the man tased plaintiff in the back. Plaintiff fell to the ground, incapacitated. He then claims the rest of the individual defendants approached, handcuffed him, and continued tasing him. Plaintiff claims he was also beaten and kicked while on the ground, and he drifted in and out of consciousness. Around fifteen minutes later, EMS arrived at the scene. Plaintiff claims he was tased between twenty and thirty times. Taser darts

were removed from his body at the scene and at the hospital. Two days later, plaintiff was charged with multiple counts of resisting, delay or obstructing law enforcement officers, assault on a government official, malicious conduct by a prisoner, and possession of drug paraphernalia and marijuana.

Plaintiff claims the events of December 3, 2011, and his subsequent arrest were the result of the Wayne County Sheriff's Office's "ACET," or Aggressive Criminal Enforcement Team, which plaintiff claims "is incented to pursue practices likely to result in the violation of the constitutional rights of the citizenry." [DE 1].

Plaintiff filed his initial complaint on November 9, 2014, claiming violations of North Carolina state law and 42 U.S.C. § 1983. [DE 1]. Defendants moved to dismiss. [DE 15]. On January 30, 2015, plaintiff filed an amended complaint as of right. [DE 17]. Defendants filed a second motion to dismiss. [DE 19]. A hearing was held in May 2015 which resulted in the motion to dismiss being denied and the matter stayed pending the resolution of pending state charges. [DE 25]. In October, plaintiff notified the Court of the dismissal of the state charges. Defendants then filed a third motion to dismiss, which is before the Court now. [DE 27]. Three days later, plaintiff filed a motion to amend the complaint, which is also before the Court now. [DE 29]. The appropriate responses and replies have been filed, and the matters are ripe for ruling.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

2

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

    I.    Plaintiff's Motion for Leave to File Second Amended Complaint

The Court will now address the motion for leave to file second amended complaint. [DE 29]. Leave to amend a pleading should be freely given as justice requires. Fed. R. Civ. P. 15(a)(2). However, leave should not be granted if there is "any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court finds no evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in amendments previously allowed (with one exception, discussed *infra*), or undue prejudice at this stage of the litigation. This leaves only the futility analysis, which equates to the 12(b)(6) analysis and, thus, will be discussed below. Pursuant to the forthcoming 12(b)(6) analysis, defendants' motion is GRANTED IN PART AND DENIED IN PART. [DE 29].

## II. Federal Law Claims Against the Deputies

Plaintiff has brought claims against the individual defendants pursuant to federal law, which the individual defendants now move to dismiss. The individual defendants do not move to dismiss these claims on immunity grounds.

First, defendants move to dismiss plaintiff's 42 U.S.C. § 1983 claim based on alleged Fourth and Fourteenth Amendment violations by defendants because, defendants argue, the dismissal of plaintiff's state charges did not amount to a "favorable termination." *See Morrison v. Jones*, 551 F.2d 939, 940 (4th Cir. 1977). Defendants attempt to support this position by arguing that the dismissal of state charges based on "assessment of likelihood of conviction" renders the decision something other than a favorable termination. However, there is not enough information at this point to determine whether or not the dismissal of charges against plaintiff in state court should be considered a favorable termination. Therefore, this argument does not presently prevail, and the claim remains.

Defendants also move to dismiss these claims on the grounds that plaintiff has not properly alleged lack of probable cause. Defendants note in their motion to dismiss that an indictment fair on its face establishes probable cause *except* where false statements or omissions necessary to the fining of probable cause were intentionally made. [DE 28]. Here, that is precisely what plaintiff is alleging. Plaintiff alleged initially—and at length in the proposed amended complaint—that the only way a magistrate or grand jury could reach the conclusions they did would have been if those decisions were based on false statements. [DE 17, 29-1]. As plaintiff has stated a plausible claim for relief, defendant's motion to dismiss does not prevail on this issue either.

4

The Court will now address the claim in plaintiff's amended complaint under 42 U.S.C. § 1983 for conspiracy to deprive plaintiff's rights. Defendants have opposed this claim as futile due to the statute of limitations. [DE 33]. Defendants correctly note that since § 1983 does not carry its own statute of limitations, it is proper to import the relevant state statute of limitations, which, here, is three years. *See Nat'l Advert. Co. v. Raleigh*, 947 F.2d 1158, 1161–62 (4th Cir. 1991). Thus, defendants argue plaintiff's new claim is time-barred. However, this is not the case because "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 16(c)(1)(B). Here, the claims in plaintiff's amended complaint as to the alleged conspiracy to deprive plaintiffs' rights arise from the same conduct, transaction, or occurrence set out in the original complaint, so it is permitted to relate back, and, thus, not futile as time-barred.

III.     Federal Law Claims Against the Sheriff

Plaintiff has claimed a violation of 42 U.S.C. § 1983 against the sheriff of Wayne County for "policy or custom/failure to train/failure to enforce." [DE 17, 29-1]. It is well-settled that there is no *respondeat superior* liability in § 1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore,

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). Plaintiff bases his claim on the second, third, and fourth options above.

5

First, plaintiff claims the sheriff maintained official polices, practices, or customs that encouraged and resulted in unconstitutional misconduct among his deputies, including the events involving plaintiff. Plaintiff attempts to support these claims with discussion of the ACET. However, plaintiff makes largely conclusory statements about the nature of the ACET and the sheriff's role in it. Plaintiff mentions only one incident of allegedly improper action by ACET team members and implies it is unlikely to discover more. [DE 17, p. 11–12; DE 29-1, p. 15–16]. Plaintiff alleges that the sheriff was "aware of [ACET deputies'] practice of unlawful seizures" but includes no information supporting this claim. Thus, plaintiff has not stated a plausible claim for relief on this ground.

Second, plaintiff claims the sheriff failed to train officers on constitutional arrests and detentions, proper use of force, and proper use of Tasers. However, plaintiff has not presented any facts to support his claim. Rather, plaintiff's assertions that the sheriff failed to train his deputies properly amount to a "threadbare recital[] of [the] cause of action's elements, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 663. Even if plaintiff were to establish a failure to train, he has included no facts to support the argument that the alleged failure to train was a result of a deliberate indifference to citizens' constitutional rights. *See Lytle*, 326 F.3d at 471. Therefore, plaintiff has failed to state a plausible claim for relief on this ground as well.

Third, plaintiff attempts a claim that deputy misconduct was so persistent and widespread as to "constitute a custom or usage with the force of law." *See Lytle*, 326 F.3d at 471. However, plaintiff has not pled facts sufficient to establish a persistent course of conduct, much less one that constituted a custom with the force of law. In his complaint (and amended complaint) plaintiff mentions only two other incidents of alleged officer misconduct, only one of which involved allegedly improper use of a Taser. Though it is possible for a low number of incidents

6

to establish a custom, the events cited in the complaint are also so disparate in time and nature that they fail to establish "a *specific* deficiency or deficiencies...such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Carter*, 164 F.3d at 218 (internal quotation marks omitted) (emphasis in original). Accordingly, plaintiff has also failed to state a plausible claim for relief on this ground, and defendants' motion to dismiss this claim is GRANTED.

    IV.    State Law Claims Against Deputies

The Court will now address plaintiff's state law claims against the deputies in their individual capacities. Under North Carolina law, "[p]ublic officials sued in their individual capacity are entitled to public official immunity from claims in tort unless their 'conduct is malicious, corrupt, or outside the scope of official authority.'" *Turner v. Thomas*, 762 S.E.2d 252, 266 (N.C. Ct. App. 2014) (quoting *Epps v. Duke Univ.*, 468 S.E.2d 846 (N.C. Ct. App. 1996), *disc. review denied*, No. 230P96 (N.C. Supreme Court Sep. 5, 1996)); *see also Prior v. Pruett*, 143 N.C. App. 612, 623 (N.C. Ct. App. 2001). These are known as the "piercing exceptions" and, if satisfied, they allow plaintiff to "hold[] the official liable for his acts like any private individual." *Moore v. Evans*, 124 N.C. App. 35, 42 (N.C. Ct. App. 1996). Accordingly, "[t]o withstand a defendant's motion to dismiss a claim based on the defense of public official immunity, the facts alleged in the complaint must support a conclusion that one of the piercing exceptions apply." *Turner*, 762 S.E.2d at 266.

Here, taking plaintiff's facts as true, Wayne County deputies approached plaintiff without probable cause and without identifying as law enforcement. As plaintiff walked away from the interaction, he was Tased in his back such that he fell to the ground and was incapacitated. Plaintiff was then handcuffed. Then, while defendant was handcuffed and on the ground, the

7

deputies tased him repeatedly (including in his mouth and on his tongue), beat, choked, and kicked him. A number of Taser darts were removed from plaintiff's body at the scene. EMS was called. Plaintiff was transported by ambulance to the hospital, where he was admitted. At the hospital, another Taser dart was removed from plaintiff's body, and he was found to have burns from the Tasers (including to his mouth and tongue), puncture wounds, extreme pain, and a broken wrist. Plaintiff has specifically pled in each state law claim against the individual defendants that defendants' conduct was "malicious, corrupt, or outside the scope of their official duties." [DE 17, 29-1].

Taking the facts as true, the Court finds that plaintiff has pled sufficient facts to pierce the deputies' immunity on these charges. The motion to dismiss these claims against deputies in their individual capacities is denied.

Plaintiff has moved to amend the complaint to add a claim for malicious prosecution against the individual defendants as well.[1] Defendants do not oppose this amendment. [DE 33]. As it alleges malicious conduct, and thus satisfies one of the "piercing exceptions" discussed above, plaintiff's amended claim of malicious prosecution is permitted.

V. State Law Claims Against the Sheriff

Defendants claim in their Third Joint Motion to Dismiss that the state law claims against the sheriff for negligence, negligent hiring, supervision, and detention must be dismissed as they claim only negligence. [DE 28]. Plaintiff, in his proposed second amended complaint has edited this claim to include a charge of gross negligence as well. [DE 29-2]. This claim is problematic in several regards. First, the proposed amendment to include gross negligence appears to be purely an attempt to cure a deficiency in a previous amended complaint. *See Davis v. Piper*

---

[1] As plaintiff's amended claim for negligence/gross negligence/excessive force arose from the same factual circumstances as the previous state law claims (to wit, the interaction on December 3, 2011), the Court considered it *supra*. Pursuant to the discussion above, the claim is not futile, and the amendment is allowed.

8

*Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As such, the amended complaint as to this charge is not permitted. The claim will be evaluated as it is in plaintiff's first amended complaint. [DE 17].

Next, the substance of this claim is insufficient to survive defendants' motion. This is a claim of active negligence, requiring plaintiff to prove:

> (1) the specific negligent act on which the action is founded . . . (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' . . .; and (4) that the injury complained of resulted from the incompetency proved.

*Moricle v. Pilkington*, 462 S.E.2d 531, 533 (N.C. Ct. App. 1995). Here, plaintiff has not pled a single fact concerning the sheriff's hiring process, much less any negligence therein. As to supervision, there is nothing to indicate the sheriff had actual notice of unfitness or bad habits among his deputies. Constructive notice does not provide a solution to plaintiff's problem as it is unclear what the sheriff would have been expected to discover, as it has been previously established that plaintiff has pled insufficient facts to establish a pattern of wrongful behavior. Finally, having failed to prove incompetency and, thus, actual or constructive notice thereof, there is no feasible claim for negligent retention. As written, plaintiff's claim regarding the sheriff's negligence, negligent hiring, retention, and supervision amounts to nothing more than "threadbare recitals of [the] cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. This claim cannot stand.

Plaintiff also includes a claim under the North Carolina Constitution against the sheriff. However, this claim does not survive Rule 12(b)(6) as plaintiff has not stated a plausible claim against the sheriff on these grounds. In fact, the claim does not refer to any actions or omissions

by the sheriff or establish any other basis for liability. Moreover, the claim is conclusory and unsupported by facts. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, this claim also fails.

VI.  Claim Against the Surety

Finally, the parties concur that the surety claim remains so long as any claims against the sheriff or deputies survive, so this Order does not affect that status of plaintiff's amended Count Eight.

## CONCLUSION

As discussed above, defendant's motion to dismiss is hereby GRANTED IN PART AND DENIED IN PART. [DE 27]. Plaintiff's motion to amend is hereby GRANTED IN PART AND DENIED IN PART. [DE 29]. Plaintiff is DIRECTED to file a complaint in accord with the demands of this Order within ten days of the date this Order is entered on the docket.

SO ORDERED, this 8 day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE