IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-781-BO

| | |
|---|---|
| PHILLIP D. PRIDE,<br>    Plaintiff,<br><br>v.<br><br>SHERIFF LARRY M. PIERCE, in his official capacity, SERGEANT MATT MILLER and DEPUTIES TRAVIS SPARKS, AARON CANTWELL, and CHUCK ARNOLD, in their individual capacities, and WESTERN SURETY COMPANY,<br>    Defendants. | O R D E R |

This matter comes before the Court on plaintiff's motion for reconsideration. [DE 44]. Defendants have responded in opposition, and the matter is ripe for ruling. For the reasons discussed below, plaintiff's motion is GRANTED.

The Court has already considered and dismissed the claims of active negligence against the sheriff. [DE 43]. Defendants have not requested that this decision be reconsidered, and it is not reconsidered. However, in its earlier Order, the Court did not address plaintiff's brief claim of state law negligence against the sheriff for the conduct of his deputies under a strictly *respondeat superior* theory. In North Carolina, "a sheriff or supervisor may be held liable for the acts of his subordinates under the principles of *respondeat superior*." *Layman v. Alexander*, 294 F. Supp. 2d 784, 796 (W.D.N.C. 2003); *see also Ramsey v. Schauble*, 141 F. Supp. 2d 584, 591 (W.D.N.C. 2001), *Davis v. Moore*, 215 N.C. 449, 451 (N.C. 1939). As claims against the deputies survive, plaintiff has stated a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Accordingly, the state law negligence

claim against the sheriff on the theory of vicarious liability survives this early stage of the litigation.

## CONCLUSION

Plaintiff's motion for reconsideration is GRANTED. [DE 44]. Plaintiff's claim of negligence against the sheriff on a *respondeat superior* theory under state law is the only claim against the sheriff that survives the motion to dismiss stage.

SO ORDERED, this 28 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE